UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

AMY PICKETT,

     Plaintiff,

v.                                                              No. 5:20-CV-232-H-BQ

TEXAS TECH UNIVERSITY HEALTH
SCIENCES CENTER, et al.,

     Defendants.

## ORDER

Before the Court are the Findings, Conclusions, and Recommendation (FCR) of

United States Magistrate Judge D. Gordon Bryant (Dkt. No. 89), the "objections" filed by

the pro se plaintiff, Amy Pickett. (Dkt. Nos. 92–96),[1] the response filed by the defendants

(Dkt. No. 97), and the plaintiff's second set of objections (Dkt. No. 98).[2]  Because Pickett

has failed to specifically object to any portion of the FCR, or otherwise show any error in

the magistrate judge's thorough FCR, the Court overrules the plaintiff's objections, adopts

the FCR, and grants the defendants' motion for summary judgment (Dkt. No. 82).  In light

of that ruling, the Court denies the defendants' motion for judgment on the pleadings as

moot (Dkt. No. 58), and it grants Pickett's motion to seal her response and attachments

(Dkt. No. 63).

---

[1] Pickett filed the same response or objection to the FCR five times, each with a different set of attachments.  *See generally* Dkt. Nos. 92–96.  Given that each filing is the same, though with different attachments, the Court construes them as a single "set of objections" to the FCR.

[2] Pickett's second set of objections was filed more than 14 days after FCR and, therefore, is considered late.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  The Court need not consider late objections to an FCR.  *Butler v. Arenivaz*, No. 5:20-CV-143-H, 2021 WL 2457187, at *1 n.1 (N.D. Tex. June 16, 2021) (citing *Scott v. Alford*, No. 94-40486, 1995 WL 450216, at *2 (5th Cir. July 6, 1995)).  Nevertheless, the Court finds that consideration of Pickett's late objections is in the interest of justice.

1.      **Factual and Procedural Background**

Pickett's complaint alleges violations of the Americans with Disabilities Act (ADA),

Section 504 of the Rehabilitation Act of 1973 (RA), and procedural and substantive due

process violations under Section 1983.  Dkt. No. 1.  The defendants sought to dismiss her

complaint for lack of subject-matter jurisdiction and failure to state a claim.  Dkt. Nos. 11–

12.  Judge Bryant issued an FCR (Dkt. No. 28) that the Court adopted in part (Dkt. No. 35).

Importantly, the Court concluded that sovereign immunity did not bar Pickett's ADA

claims and declined to dismiss her Section 1983 claims for violations of her substantive due

process rights.  Dkt. No. 35 at 2–3.

The defendants appealed the Court's decision, arguing that the Court should have

dismissed Pickett's ADA claims for want of subject-matter jurisdiction.  *Pickett v. Tex. Tech.*

*Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1019–20 (5th Cir. 2022).  The Fifth Circuit disagreed,

concluding that the defendants were not entitled to sovereign immunity based on the record

before it.  *Id.* at 1019.  The Fifth Circuit then remanded the case.  Upon remand, several of

Pickett's claims remained: (1) her RA and ADA claims for failure to accommodate by

failing to provide lecture notes and materials; (2) her RA claim for failure to accommodate

based on the school's alleged refusal to grant extensions; (3) her ADA and RA claims for

disability discrimination against the defendants; and (4) a substantive due process claim

against two of the defendants.  *See* Dkt. No. 89 at 4.

The defendants filed a Federal Rule of Civil Procedure 12(c) motion contending that

they were entitled to sovereign immunity for Pickett's ADA claims.  Dkt. No. 58 at 11.  The

defendants also sought judgment on the pleadings as to Pickett's substantive due process

claim under Section 1983.  *Id.* at 1, 27–28.  Pickett responded to the defendants' motion.

Dkt. No. 64.  The defendants' replied.  Dkt. No. 74.  Several months later, the defendants

moved for summary judgment on Pickett's ADA, RA, and substantive due process claims.

Dkt. No. 82.  Pickett did not respond.

Judge Bryant issued an FCR recommending that the Court grant the defendants'

motion for summary judgment, deny as moot the defendants' motion for judgment on the

pleadings, and grant Pickett's motion to seal her response and attachments.  Dkt. No. 89 at

2.  Pickett timely filed her "objections," including a number of exhibits purporting to

establish the factual veracity of her claims.  Dkt. Nos. 92–96.  The defendants responded to

Pickett's objections.  Dkt. No. 97.  Pickett also replied to the defendants' response.  Dkt.

No. 98.[3]  The FCR is now ripe and before the Court.

## 2.     Standard of Review

A party who seeks to object to any part of a magistrate judge's FCR must file specific

written objections within 14 days after being served with a copy.  28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b)(2).  When a party timely objects, a magistrate judge's FCR regarding a

dispositive matter is reviewed de novo.  Fed. R. Civ. P. 72(b)(3).  The district court may

then accept, reject, or modify the recommendations or findings, in whole or in part.  *See id.*

Objections to the FCR must be specific; they must "put the district court on notice of the

urged error."  *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984).  "[A]n

objection must identify the specific finding or recommendation to which objection is made,

state the basis for the objection, and specify the place in the magistrate judge's report and

recommendation where the disputed determination is found."  *Thompson v. Bumpas*, No.

4:22-cv-0640-P, 2022 WL 17585271, at *1 (N.D. Tex. Dec. 12, 2022) (citing *United States v.*

---

[3] *See supra* note 2.

*Mathis*, 458 F. Supp. 3d 559, 564 (E.D. Tex.), *report and recommendation adopted*, 458 F.

Supp. 3d 559 (E.D. Tex. 2020)).  The district court need not consider frivolous, conclusive,

or general objections.  *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

Finally, an objection that merely re-argues a "position already analyzed and rejected in the

FCR[]" has not been properly asserted, and the Court reviews the FCR for clear error.

*Brooks v. Alcon*, 4:20-CV-00306-P-BP, 2021 WL 1541549, at *1 (N.D. Tex. Apr. 20, 2021)

(citing *Arredondo v. Torres*, No. 3:14-CV-1934-P, 2014 WL 5420028, at *1 (N.D. Tex. Oct.

23, 2014)).

**3.     Analysis**

Pickett has failed to specifically object to the FCR, so the Court reviews the FCR for

clear error.  Rather than identifying a particular finding, conclusion, or recommendation to

which she objects, Pickett simply takes issue with the FCR writ large.  *See* Dkt. Nos. 92; 98.

At its core, Pickett asks this Court to consider evidence that she did not present to the

magistrate judge while he resolved the summary judgment motion.  *See generally* Dkt. Nos.

92–96; 98.[4]  Pickett asserts that, on the basis of the evidence that she now supplies, her

claims are meritorious.  *See* Dkt. Nos. 92 at 1 (asking the Court "to review and consider the

[p]laintiff's compelling evidence provided in [this] response"); 98 at 1 ("[A]ll of the

[p]laintiff's claims are valid and supported by compelling evidence.").  Pickett does not

argue that Judge Bryant misapplied the appropriate legal standards, failed to consider facts

properly before him, or otherwise erred—other than challenging his overall conclusion.  *See*

Dkt. No. 92.  Such an argument is conclusory and generalized, and therefore an objection

---

[4] As a reminder, Pickett did not file a response to the defendant's motion for summary judgment, so
the evidence she references was not before Judge Bryant when he issued the FCR.  *See* Dkt. No. 89
at 11 n.7.

that the Court "need not consider." *Battle*, 834 F.2d at 421. Further, given that Judge

Bryant's determination of the facts was permissible under Federal Rule of Civil Procedure

56, the Court determines that Judge Bryant did not err, clearly or otherwise.

Additionally, the Court notes that it need not consider the extra evidence supplied by

Pickett in her various filings related to the FCR. A court weighs four factors when

determining whether to consider evidence supplied in an objection to a FCR:

> (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

*Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003).

Here, the plaintiff has not justified her late submission of evidence. Much of the evidence

supplied by the plaintiff was already in the record. *See* Dkt. No. 97 at 10; *see also* Dkt. Nos.

82-3; 82-4. The evidence supplied by Pickett was all previously available to her. Further, as

noted in their response, admitting this evidence would prejudice the defendants. *See* Dkt.

No. 97 at 13.

In short, the Court concludes that it does not need to consider the untimely evidence

supplied by Pickett. Litigants may not use a magistrate judge as a sounding board for the

sufficiency of the evidence. *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998).

And even had the Court considered the plaintiff's new evidence, it would not transform

Pickett's generalized and conclusory objections into specific ones or otherwise show error.

Therefore, the Court's conclusion in this Order would have been the same.

**4.**     **Conclusion**

Having considered the plaintiff's objections and found them to be generalized and conclusory, the Court reviews the FCR for clear error.  Finding none, the Court overrules the plaintiff's objections, and it accepts and adopts the FCR in full (Dkt. No. 89).  It therefore grants the defendants' motion for summary judgment (Dkt. No. 82).   It further denies the defendants' motion for judgment on the pleadings as moot (Dkt. No. 58), and it grants Pickett's motion to seal her response and attachments (Dkt. No. 63).  The Court will enter a judgment in accordance with Federal Rule of Civil Procedure 58 in a separate document.

So ordered on March 11, 2024.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE